******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PALMER, J., concurring. I agree with and join the majority opinion except with respect to part II A of that opinion. In particular, I disagree with the majority's analysis of the contention of the defendant, Craig L. Martise, that the plaintiff, Mary H. Kortner, waived her claim that "plaintiff's exhibit 7" (exhibit 7) was improperly submitted to the jury. Contrary to the majority's conclusion concerning that claim, it is evident that the plaintiff did, in fact, waive her right to raise the claim. I do agree, however, with the majority's determination that the court clerk's failure to inform the trial court of the jurors' concerns about exhibit 7 trumped the plaintiff's waiver because, if the clerk had informed the court of those concerns, it would have been required to remove exhibit 7 from the jurors' consideration.[1]

With respect to the waiver issue, the majority asserts that exhibit 7 was not properly admitted into evidence in the first place because it "was never received into evidence by the [court] and never published to the jury." I do not necessarily agree with this conclusion, but, in any event, a proper resolution of the waiver issue does not hinge on the threshold admissibility of the exhibit. In other words, whether an exhibit properly may be admitted into evidence by agreement of the parties, even when the exhibit was not published to the jury during trial, is irrelevant to the issue presented by this case. That issue is whether a party can waive his or her right to claim that an exhibit was improperly submitted to the jury for purposes of its deliberations. I see no reason why a party cannot do so, and the majority provides no such reason.

In the present case, counsel for the plaintiff agreed to have exhibit 7 marked as a full exhibit and expressly informed the court that it should be submitted to the jury. In such circumstances, the court was fully entitled to submit exhibit 7 to the jury without taking any further action or undertaking any additional inquiry. The fact that the plaintiff's counsel apparently made a mistake in authorizing the court to submit the exhibit to the jury is of no moment because the decisions and actions of the plaintiff's counsel are attributable to the plaintiff. Indeed, even if it is assumed that the court, itself, improperly submitted exhibit 7 to the jury, any such error was induced by the plaintiff through her counsel, and the plaintiff cannot now benefit from that induced error. See, e.g., *State* v. *Coward*, 292 Conn. 296, 305, 972 A.2d 691 (2009) (this court will not review claims of induced error even when claims are of constitutional magnitude).

It appears that the majority adopts a rule pursuant to which a claim concerning the improper submission of an exhibit to the jury is nonwaivable. I see absolutely

no justification for such a rule. In fact, counsel's failure to object to the submission of an exhibit to the jury is not materially different from counsel's failure to raise an evidentiary claim at trial, and no such unpreserved evidentiary claim may be raised on appeal because it will be deemed to have been forfeited. Cf., e.g., *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 70–71, 967 A.2d 41 (2009) (explaining distinction between waiver and forfeiture). Moreover, even constitutional rights are subject to waiver, which may be implied rather than express. See, e.g., *State* v. *Kitchens*, 299 Conn. 447, 467–68, 482–83, 10 A.3d 942 (2011). In the present case, the plaintiff's counsel expressly informed the court that exhibit 7 was a full exhibit that should be submitted to the jury. There simply is no reason why the plaintiff now should be permitted to claim that the exhibit should not have been submitted to the jury; the claim, rather, is barred by the waiver and induced error doctrines.

As I have indicated, however, I believe that the court clerk's failure to inform the court of the jurors' concerns about exhibit 7 trumped counsel's failure to take appropriate action to ensure that that exhibit was not submitted to the jury. Because I agree with the remainder of the majority's analysis, I concur in its judgment.

[1] See footnote 9 of the majority opinion.